IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARIE OTTAVIANO as Next Friend
and Legal Guardian of A.O., a minor,

        Plaintiffs,

v.                                           Civil Action No.: 3:12-cv-26

JOHN ANTHONY OTTAVIANO,

        Defendant.

## REPORT AND RECOMMENDATION

This is a personal injury action in which Plaintiff alleges that Defendant ran over Defendant's son, who is the husband and father of the Plaintiffs, respectively, resulting in his death. It was originally filed in the Circuit Court of Berkeley County, West Virginia, Civil Action No. 12-C-117, but removed by Defendant based upon complete diversity of the parties. In support of removal, Defendant claimed that Plaintiff is a resident and citizen of West Virginia, and that Defendant is a resident and citizen of Maryland. During discovery it was revealed that Defendant died, and the Court ordered counsel for Defendant to have an estate representative appointed. After several rounds of extensions to comply with the Court's order, counsel for Defendant found a Maryland resident, David Jackson, who was willing to petition the Maryland courts to become Defendant's representative. However, on March 14, 2013, counsel for Defendant advised the Court that Mr. Jackson could not open an estate in Maryland because Defendant's death certificate listed his address as being in Berkeley County, West Virginia, and, because of his unfamiliarity with West Virginia law declined to open an estate in West Virginia. Thus, counsel successfully moved, under

1

West Virginia law, to have the sheriff of Berkeley County administer the estate.

Under 28 U.S.C. § 1332, a federal court has original subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. Further, an action brought in state court may be removed to federal court if original jurisdiction exists. 28 U.S.C. § 1441. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. 1447(c), and because subject matter jurisdiction deals with the authority of the Court to hear the case, the Court may raise the issue *sua sponte*. *See e.g. Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008).

As mentioned, it has come to the Court's attention through counsel for Defendant's March 14 filing that Defendant's death certificate listed a West Virginia address, and that a West Virginia sheriff has been appointed as estate representative. Therefore, it appears that there is not diversity of citizenship of the parties, and that this Court lacks jurisdiction to hear the case. Accordingly, the undersigned **RECOMMENDS** that the action be remanded to the state court.

Any party may, within fourteen [14] days after being served with this report and recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to transmit a copy of this Order to all counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: April 3, 2013

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE